IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DISH NETWORK L.L.C.,                  :        Case No. 4:15-CV-1157
ECHOSTAR TECHNOLOGIES L.L.C.,         :
and NAGRASTAR LLC,                    :
                                      :
          Plaintiffs,                 :
     v.                               :        (Judge Brann)
                                      :
PATRICK LAUNDRIE,                     :
                                      :
          Defendant.                  :

**MEMORANDUM**
November 16, 2015

Plaintiffs DISH Network L.L.C. (hereinafter "DISH Network"), EchoStar Technologies L.L.C. (hereinafter "EchoStar"), and NagraStar LLC (hereinafter "NagraStar") (collectively "Plaintiffs") filed a motion for default judgement against Defendant Patrick Laundrie (hereinafter "Laundrie") under Federal Rule of Civil Procedure Rule 55(b)(2). The Court has carefully considered the submissions of Plaintiffs. For the reasons stated below, Plaintiff's motion for default judgment is granted.

## I. BACKGROUND

Plaintiffs contend that Defendant Laundrie circumvented DISH Network's security technology and intercepted the copyrighted satellite television programming broadcast by DISH Network without paying the required subscription fee.[1] In connection with an investigation of Francis Philip, DISH Network acquired business records belonging to Philip implicating Laundrie as a paid subscriber to NFusion Private Server (hereinafter "NFPS"), a pirate television service.[2] According to Plaintiffs, upon subscribing to NFPS, a user is provided a passcode that

---

[1] ECF No. 8-1 at 1.
[2] *Id.*

enables access to a computer server through the use of an unauthorized receiver.[3] The server then transmits DISH Network's proprietary control words or "keys" to the subscriber, a form of pirating referred to as "Internet key sharing" or "IKS."[4] With these keys, a subscriber is able to decrypt DISH Network's satellite broadcasts without authorization.[5]

Despite being properly served, Laundrie has failed to respond to this action in any fashion. Therefore, a default was entered against him on July 24, 2015.[6] Plaintiffs now request statutory damages in the amount of $10,000 together with a permanent injunction.

## II. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure provides for entry of a default judgement against a party that has failed to plead or otherwise defend claims asserted against it.[7] It is well settled that the decision to enter a default judgment is left primarily to the discretion of the district court.[8] "When a defendant fails to appear . . . the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred."[9] If a party is found in default, the well-pled allegations of the complaint are taken as true,[10] as long as the court determines that the moving party's complaint establishes a legitimate cause of action.[11]

## III. DISCUSSION

Plaintiffs allege that Defendant Laundrie violated the Electronic Communications Privacy Act (hereinafter "ECPA"), which prohibits the intentional interception of any electronic

---

[3] *Id.* at 2.
[4] *Id.*
[5] *Id.*
[6] ECF No. 7.
[7] Fed. R. Civ. P. 55.
[8] *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3rd Cir. 1984).
[9] *See Anchorage Assoc. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990).
[10] *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (*citing* 10 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 2688 (2d ed. 1983)).
[11] *Jimenez v. Rosenbaum-Cunningham, Inc.*, No. 07-1066, 2010 WL 1303449 (E.D. Pa. March 31, 2010).

communication.[12] Plaintiffs request that the Court award damages and a permanent injunction against Laundrie.

## A. Damages

Section 2520 of the ECPA provides a right of action for a person whose electronic communication is intercepted.[13] Section 2520 states that a court may award "the greater of . . . the sum of the actual damages suffered by the plaintiff . . . or statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000."[14] Section 2520(c)(2) grants courts discretion as to whether damages are awarded.[15] The amount of damages, however, is not debatable. The "plain language of the statute does not . . . authorize the Court to grant anything other than the damages permitted by the statute."[16]

The Middle District of Pennsylvania has adopted the following factors to consider in exercising its discretion on whether to award damages pursuant to the ECPA:

> (1) whether the defendant profited by his violation; (2) whether there was any evidence that the defendant actually used his pirate access devices; (3) the extent of [plaintiff's] financial harm; (4) the extent of the defendant's violation; (5) whether the defendant had a legitimate reason for his actions; (6) whether an award of damages would serve a legitimate purpose; and (7) whether the defendant was also subject to another judgment based on the same conduct.[17]

In the case at hand, Plaintiffs argue that Defendant Laundrie profited from his violation of the ECPA by receiving DISH Network programing without paying the subscription fee.[18] Accessed programming included all DISH Network channels, including premium and pay-per-

---

[12] 18 U.S.C. § 2511(1)(a).

[13] 18 U.S.C. § 2520.

[14] 18 U.S.C. § 2520(2).

[15] *See DirecTV, Inc. v. Brown*, 371 F.3d 814 (11th Cir. 2004) ("We agree with the Fourth, Sixth, and Eighth Circuits that the decision of Congress to change the language of section 2520(c)(2) was deliberate. To use the term 'may' is plain and means that an award of damages under section 2520(c)(2) is discretionary."); *see also DirecTV, Inc. v. Chorba*, No. 3:cv-03-0843, 2005 WL 3095067 at 5 (M.D. Pa. Nov. 18, 2005).

[16] *DISH Network L.L.C. v. DelVecchio*, 831 F. Supp. 2d 595, 601 (W.D.N.Y. 2011).

[17] *DirecTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1123 (M.D. Ala. 2004), *see also DirecTV, Inc. v. Walsh*, 540 F. Supp. 2d 553, 561 (M.D. Pa. 2008).

[18] ECF No. 8-1 at 6.

view channels.[19] Plaintiffs were unable to determine the exact financial figure that Laundrie profited from his violation of the ECPA due to his failure to participate in discovery.

Plaintiffs also submitted evidence that Laundrie used his pirate access device. Plaintiffs provided documentation indicating that Laundrie purchased subscriptions to the NFPS service using PayPal and received passcodes for accessing the NFPS service.[20] Plaintiffs also submitted evidence that, remarkably enough, Laundrie posted various entries on a forum at the website *www.ftazeta.com* indicating the he was using the NFPS service to view DISH Network programming.[21]

Additionally, Plaintiffs contend that Defendant's piracy actions cost monetary damages in lost revenue and costly security system updates, in addition to damaging Plaintiffs' reputations and goodwill.[22] They argue that no legitimate purpose exists for Laundrie's actions.[23] Plaintiffs further claim that awarding damages will serve the purpose of compensating the Plaintiffs for their loss and acting as a deterrent for Defendant and others not to engage in pirating DISH Network programming.[24] Lastly, Defendant has not been sued previously by Plaintiffs and, therefore, has yet to be punished for his actions.[25]

Taking Plaintiff's allegations as true, as the Court must do, I find that Defendant Laundrie engaged in piracy actions in violation of the ECPA. Laundrie profited from his violation of federal law and Plaintiffs suffered monetary harm as a result of Laundrie's actions. The record is naturally void of any legitimate purpose for his actions, a fact which could have

---

[19] *Id.*
[20] ECF No. 8-2 at ¶ 6(a), Exhibit 1; Rogers Decl. ¶ 6(b), Exhibit 2.
[21] ECF No. 8-2 at ¶ 7, Exhibits 6, 7, 8, 9.
[22] ECF No. 8-1 at 8.
[23] *Id.* at 9.
[24] *Id.*
[25] *Id.* at 10.

been addressed in Laundrie's answer, had one been entered. Therefore, this Court finds an award of the statutory amount of $10,000 to be proper.

### B. Permanent Injunctive Relief

In addition to damages, Section 2520 of the ECPA provides for "other equitable or declaratory relief as may be appropriate." To that end, Plaintiffs request a permanent injunction. In granting a permanent injunction, a court must find that the plaintiff has met its burden in demonstrating that "(1) it has suffered an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) that considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."[26] These factors are also considered in granting a permanent injunction in a default judgment.[27]

Plaintiffs argue that monetary damages are not enough to rectify their harm because in addition to the financial harm suffered in security updates and lost revenue, piracy negatively impacts Plaintiffs' reputation and goodwill. They further contend that the only cost to Laundrie in granting an injunction would be to forego illegal conduct. Lastly, they argue that the public interest is served by enjoining activities that violate federal law.

The Court finds that Plaintiffs have suffered an irreparable injury and that monetary remedies are inadequate to compensate for their injury. Furthermore, the hardship to Laundrie to cease engaging in illegal activity is given no weight. Finally, the public interest would be served by permanently enjoining actions that violate federal law. Therefore, a permanent injunction is granted to prevent Laundrie from continuing to engage in the piracy of DISH Network's programming.

---

[26] *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 388 (2006).
[27] *See E.A. Sween Co. v. Deli Express of Tenafly, LLC*, 19 F. Supp. 3d 560, 576 (D.N.J. 2014).

**IV. CONCLUSION**

In accordance with the foregoing analysis, Plaintiffs' motion for default judgment is granted.

An appropriate Order follows.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge